IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ray Q. Thurber and Criselda H. Thurber<br><br>Plaintiffs,<br><br>vs.<br><br>Agents for the International Monetary Fund Internal Revenue Service, District Director, Special Procedures Function Officer and their Principal Governor of International Monetary Fund to aka Secretary of the Treasury<br><br>Defendants. | No. CV-09-8230-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss filed by the United States of America, acting as a defendant in this case. (Dkt. # 12.) For the following reasons, the Court grants the Motion without prejudice.

Plaintiffs Ray Q. Thurber and Criselda H. Thurber (collectively, "Plaintiffs") filed a Complaint entitled the following, "In Admiralty: Libel of Review of Ray Q Thurber and Criselda H Thurber Complaint of Involuntary Servitude and Peonage. In re All Property and Rights Property of the Thurbers, Their Estate and Trust." Despite the Complaint's reference to admiralty law, this case appears to arise out of three tax liens and two levies imposed by the Internal Revenue Service ("IRS") on Plaintiffs. Plaintiffs imply that, for some unknown reason, the tax liens and levies are improper. Plaintiffs request a return of any money taken by the IRS and a removal of all tax liens and levies.

**I.    The Defendants Listed in the Caption Have Not Been Served.**

The caption lists the following parties: "Agents for the International Monetary Fund Internal Revenue Service, District Director, Special Procedures Function Officer and their Principal Governor of International Monetary Fund to aka Secretary of the Treasury." It is unclear exactly which individuals and entities Plaintiffs seek to sue, and the Complaint contains no allegations that would implicate any of these listed parties, except for the IRS.

Even if the remaining named parties are proper entities to be served, it appears that Plaintiffs have not served these entities within the time allotted. A summons and complaint must be served within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(c), (m). Plaintiffs filed their complaint on December 17, 2009, and have not provided evidence of service as of the date of this Order. The Court, therefore, orders Plaintiffs to show cause why this case should not dismissed for failure to effectuate service.

**II.    The United States's Motion to Dismiss Is Granted.**

To the extent Plaintiffs intend to sue the United States, such a claim is dismissed without prejudice.[1] First, Plaintiffs have not properly served the United States, which requires delivering a copy of the summons and the complaint to the United States attorney for the district where the action is brought and mailing a copy to the Attorney General of the United States. Fed. R. Civ. P. 4(1). Plaintiffs have not served the Attorney General of the United States, and thus have not properly served the United States.

Even if the United States was properly sued, the Complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief may be granted.[2] "To confer

---

[1] This case may be construed as one against the United States because the Complaint focuses on the actions taken by IRS employees. "[A] suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

[2] The United States couches its Motion as one for a lack of subject matter jurisdiction, arguing that Plaintiffs failed to plead the elements of various federal causes of action. To the extent these arguments might be more properly considered as reasons why the Complaint has failed to state a claim upon which relief may be granted, the Court could grant dismissal on

subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). While it is unclear what federal statutes Plaintiffs invoke, the Complaint fails to plead the elements necessary to sustain a claim.

Plaintiff seeks a refund of taxes collected under 26 U.S.C. § 7422, which provides requirements for seeking a tax refund, and 28 U.S.C. § 1346, which allows civil actions against the United States for the recovery of erroneously or illegally assessed taxes. However, "[a] timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit." *Martin v. United States*, 833 F.2d 655, 658–59 (7th Cir. 1987); *see also* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any tax . . . until a claim for refund or credit has been filed with the [IRS]."); *Flora v. United States*, 362 U.S. 145, 150–51 (1960) ("We conclude that the language of § 1346(a)(1) can be more readily construed to require payment of the full tax before suit than to permit suit for recovery of a part payment."). Plaintiffs make no allegation that they have made at timely and sufficient claim for a refund. Accordingly, this claim is dismissed.

Plaintiffs' Response asserts that they are not "taxpayers." Plaintiffs may be attempting to raise a claim under 26 U.S.C. § 7426, which applies to actions brought by nontaxpayers to enjoin sales or levies of their interests that are superior to those of the sovereign. To sustain a claim under this section, a plaintiff must not be the one against whom the tax is assessed, must have a legally cognizable interest in the property, and must have had a levy placed upon their property. *Arford v. United States*, 934 F.2d 229, 232 (9th Cir. 1991). Plaintiffs cannot sustain a claim under this section because the Complaint, however, does not allege (1) that Plaintiffs are not the ones against whom the taxes are assessed or (2) how they have superior interests in any property that has been levied by the IRS. *See Johnson v. Treasury Dep't*, 917 F. Supp. 813, 817 (N.D. Ga. 1995) (dismissing

---

those grounds as well.

1 claim under 26 U.S.C. § 7426 because the plaintiff failed to allege, among other things, that it was not a taxpayer and that it had a greater interest in any assets than the government did).

Plaintiffs' claim for injunctive relief also fails. "Actions to enjoin the collection of taxes are narrowly limited by the Anti-Injunction Act, 26 U.S.C. § 7421. If a taxpayer fails to establish that his [or her] suit falls within one of the statutory or judicially created exceptions to the Act, the district court lacks subject matter jurisdiction and must dismiss the complaint." *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987). 26 U.S.C. § 7421 lists several exceptions, and Plaintiffs have not alleged that any of these exceptions apply. One exception relates to notice of a tax levy, *see* 26 U.S.C. §§ 6212, 6213, 7421. Plaintiffs' briefs, but not the Complaint, imply that they did not receive adequate notice of the tax levy. The Court does not consider these allegations because they are not in the Complaint, and, even so, Plaintiffs' briefs lack any factual detail surrounding the notice requirement. In addition to the statutory exceptions, a plaintiff may assert a judicial exception to the Anti-Injunction Act if both the government's claim is "baseless" and the taxpayer is entitled to equitable relief because there is "no adequate remedy at law." *Church of Scientology of Cal. v. United States*, 920 f.2d 1481, 1486 (9th Cir. 1990) (internal quotations omitted). Plaintiffs have not alleged facts supporting the judicial exception, and thus Plaintiffs fail to establish jurisdiction.

Aside from tax law, no other bases for jurisdiction apply here, despite the numerous statutes cited in Plaintiffs' Complaint. For instance, the Complaint cites Title 18 of the United States Code, which deals with federal crimes and has no bearing on this civil action. 42 U.S.C. § 1983, which provides a cause of action based on violations of the Constitution, likewise is unhelpful because this statute does not apply to acts of the federal government. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973).

Nor is admiralty law relevant to this action, as this case has no relation to either navigable waters or traditional maritime activities. *See Sisson v. Ruby*, 497 U.S. 358, 363–65 (1990). In two other cases, in which the plaintiffs filed virtually identical complaints, courts in this District have dismissed those complaints for lack of jurisdiction. *See Sanders v.*

*Unknown Parties, et al.*, 2:10-cv-128-PHX-JWS (Dkt. # 9); *Defoor v. Agents for the IMF, et al.*, 3:09-cv-2646-PHX-SRB (Dkt. # 19). The Court follows these cases and grants the Motion to Dismiss.

**IT IS THEREFORE ORDERED** that the United States's Motion to Dismiss (Dkt. # 12) is **GRANTED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs show cause why all remaining Defendants listed in the caption should not be dismissed for failure to effectuate service. If Plaintiffs fail to show cause by **July 30, 2010 at 5:00 p.m.**, the Clerk of the Court is directed to terminate this action in its entirety.

DATED this 23rd day of July, 2010.

_____
G. Murray Snow
United States District Judge